UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FLOYD LEE, | ) |
| | ) |
| Plaintiff | ) |
| | )  CAUSE NO.  3:05-CV-61 RM |
| v. | ) |
| | ) |
| DEPUTY DALMAN, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Floyd Lee, a *pro se* a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Lee makes three allegations in his complaint. First, he alleges that the defendants showed deliberate indifference to his medical conditions. Second, he alleges that the defendants violated his Eighth Amendment rights when they used excessive force in retaliation for his written complaints. Third, he alleges the defendants failed to protect him and conspired to conceal the excessive force.

## CLAIM I

Mr. Lee alleges generally that the defendants were deliberately indifferent to his medical conditions because they denied him a proper diet, medication for diabetes, and medication for a kidney stone. (Complaint, pg. 3). He says that in retaliation for exercising his right to seek redress for the treatment, the defendants conspired and used segregation and sleep deprivation to intimidate him in violation of the First, Eighth and Fourteenth Amendments.

Mr. Lee was arrested and placed in the Allen County Jail in May 2003. He says after his arrest he was denied a proper diet and medical care for diabetes by Nurse Bobbi who took away his diet, Deputy Dalman who refused to re-order his

2

diet, and Deputy Colburn who refused to let Mr. Lee test his blood sugar. He alleges he sent complaints to Vicki Stonebraker, the medical director, Tom Hathaway, the jail commander, and Capt. Kite. He was placed in isolation and tortured with sleep deprivation when he became ill. He alleges that Officer Pribble tried to convince him not to go to the Parkview Hospital, but because he did so, Officer Pribble punished him by falsifying his report. He alleges that during the time he was in segregation he was continuously harassed by Deputy Dalman and complained about the situation to the jail commander.

Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical

3

needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373.

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Prisoners are not entitled to any particular treatment, and disagreement with a physician over a course of medical treatment states no claim under 42

4

U.S.C. § 1983. Hendricks v. Faulkner, 525 F. Supp. 435, 458 (N.D. Ind. 1981), *aff'd in part vacated in part on other grounds sub nom.*, Wellman v. Faulkner, 715 F.2d 269 (7th Cir. 1983) (a mere disagreement with a physician over a course of medical treatment states no claim under § 1983). Giving Mr. Lee the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his denial of medical care claim against Deputies Dalman and Colburn.

Mr. Lee alleges he complained to Vicki Stonebraker, Tom Hathaway, and Cpt. Kite, but they did nothing. Mr. Lee doesn't allege that they denied him adequate medical care, only that they did not respond to his complaints. Mr. Lee's own complaint states he was able to file numerous complaints. The Constitution doesn't require a prison grievance system, Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo. 1986), and the Fourteenth Amendment doesn't protect State-created inmate grievance procedures, and alleged violations of these grievance procedures do not state a claim under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982). That a grievance investigator does not investigate a grievance as carefully or fully as a prisoner might like, or denies a grievance, does not violate the Fourteenth Amendment's due process clause.

That jail officials did not respond to the grievance in a way Mr. Lee approved of states no claim upon which relief can be granted. "(T)he First Amendment right to petition the government for a redress of grievances protects a person's right to

5

complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." Jones v. Brown, 300 F.Supp.2nd 674, 679 (N.D.Ind. 2003). Mr. Lee does not allege that he couldn't submit a complaint, and has shown that he filed complaints. This claim will be dismissed.

Mr. Lee alleges defendant Pribble falsified a report to punish Mr. Lee for going to Parkview Hospital instead of a closer hospital. As a result he was punished with segregation. Pre-trial detainees may not be punished without due process of law. Bell v. Wolfish, 441 U.S. 520 (1979). A pre-trial detainee is entitled to the procedural protections of Wolff v. McDonnell, 418 U.S. 539 (1974), before imposition of punishment for a disciplinary infraction. Nevertheless not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. Zarnes v. Rhodes, 64 F.3d 285, 291 n.5 (7th Cir. 1995). An inmate states a claim under § 1983 if an official issues a false report that is the basis for the sanctions against the inmate if the inmate was also denied his rights under Wolff v. McDonnell, 418 U.S. 539 (1974).

> [A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in Wolff v. McDonnell are provided.

Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1983). To state a claim, then, Mr. Lee must have had false charges filed against him which were the basis for the

6

sanctions against him and he must have been denied his rights under Wolff in the hearing on those false charges. Mr. Lee doesn't allege, and based on this complaint it wouldn't be reasonable to infer, either that he was denied a hearing or that his Wolff rights were denied. This claim will be dismissed.

Mr. Lee says officers harassed him. Verbal abuse and harassment are not sufficient to state a claim under § 1983. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") Therefore these claims will be dismissed.

CLAIM II

Mr. Lee alleges that on July 27, 2003, Deputy Dalman and Deputy Colburn harassed him while they were exchanging inmates clothes. The deputies told Mr. Lee to wear a jumpsuit that was too small even to put on. After he refused to wear the jumpsuit, Mr. Lee says the deputies dragged him from the cell block and slammed his head into a cement wall.

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations

7

> inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.
>
> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted). Giving Mr. Lee the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, it is possible that Deputy Dalman and Deputy Colburn were acting sadistically for the very purpose of causing harm. Therefore Mr. Lee will be permitted to proceed on this claim.

8

CLAIM III

Mr. Lee alleges that the defendants failed to protect him and conspired to conceal the excessive force that Officers Dalman and Colburn inflicted upon him. He alleges the defendants used excessive force and intimidation against him on July 31, 2003 and on August 1, 2003. On July 31, 2003 Allen County Circuit Court Judge Thomas Felts ordered that Mr. Lee be released so that he could have kidney surgery. Instead of being released, Mr. Lee was transported to Parkview hospital by Deputy Pape to be checked for kidney stones. Mr. Lee alleges Deputy Pape drove in a reckless manner for the sole purpose of inflicting pain on Mr. Lee. Mr. Lee says the defendants conspired to conceal the excessive force, and that he filed a complaint with Sheriff James Herman about the cover-up.

Mr. Lee alleges that defendant Hathaway failed to protect him after numerous complaints. Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless he was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

Mr. Lee does not allege that defendant Hathaway was aware that Officers Dalman and Colburn were going to assault Mr. Lee, only that defendant Hathaway was given notice of Mr. Lee's medical condition. Mr. Lee does not allege, and it would not be reasonable from the facts as stated to infer that defendant Hathaway failed to protect him from Officers Dalman and Colburn. This claim will be dismissed.

Mr. Lee alleges that the defendants conspired to conceal the excessive force. A conspiracy exists if there are "(1) an express or implied agreement among defendants to deprive plaintiff of his ... constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir.1988). Mr. Lee's claim that several defendants conspired to conceal excessive force fails to state a claim. Mr. Lee doesn't allege, and it would not be reasonable from the facts as stated to infer that the defendants actually deprived Mr. Lee of any right or that the defendants committed any overt acts in the furtherance of any agreement. He alleges that two officers used excessive force and that others concealed the use of force, but he doesn't allege how the concealment violated his constitutional rights. This claim will be dismissed.

Mr. Lee alleges that he was subjected to excessive force on July 31 and August 1, 2003, when Deputy Pape continuously sped up and slammed on the brakes repeatedly while transporting Mr. Lee to the hospital. A correctional officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1 (1992); Whitley v. Albers, 475

U.S. 312 (1986). In evaluating whether prison officials violated the Eighth Amendment, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. Whitley v. Albers, 475 U.S. at 321. "Not every push and shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Hudson v. McMillian, 503 U.S. at 9, *quoting* Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom.* Johnson v. Johnson, 414 U.S. 1033 (1973).

Mr. Lee does not allege, and it would not be reasonable from the facts as stated to infer that Mr. Lee was injured as a result of Deputy Pape's driving. This claim will be dismissed.

CONCLUSION

For the foregoing reasons, the court:

(1) **GRANTS** Mr. Lee leave to proceed against Officer Dalman and Officer Colburn in their individual capacity for monetary damages on Mr. Lee's claims that he was denied adequate medical care and that they used excessive force in violation of the Eighth Amendment when they slammed his head into a cement wall;

(2) **DISMISSES** all other defendants and all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for Officer Dalman and Officer Colburn to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Dalman and Officer Colburn;

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Dalman and Officer Colburn respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the one claim for which Mr. Lee has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:  October 31, 2005

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court